UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| KEION LAMONE SMITH, ) | |
| ) | |
| Petitioner, ) | |
| vs. ) | No. 2:16-cv-0347-WTL-MJD |
| ) | |
| S. JULIAN, Warden, ) | |
| ) | |
| Respondent. ) | |

**Entry Directing Further Proceedings**

**I.**

**A.**

The Attorney General is responsible for calculating a federal prisoner's period of incarceration for the sentence imposed, and to provide credit for time served, for offenses committed after November 1, 1987. 18 U.S.C. § 3585; 28 C.F.R. § 0.96; *United States v. Wilson*, 503 U.S. 329, 331-32 (1992). An inmate may challenge the BOP's computation of his sentence pursuant to 28 U.S.C. § 2241. *United States v. Tindall*, 455 F.3d 885, 888 (8th Cir. 2006), *cert. denied*, 549 U.S. 1152 (2007) ("Prisoners are entitled to administrative review of the computation of their credits . . . and after properly exhausting these administrative remedies, an inmate may seek judicial review through filing a habeas corpus petition under 28 U.S.C. § 2241"). The petitioner in this action presents such a challenge.

**B.**

Petitioner Keion Lamone Smith is confined within this District serving the executed portion of a sentence following his conviction in the United States District Court for the Eastern District of Michigan. PACER records show that no appeal was taken from his conviction and that the motion for relief pursuant to 28 U.S.C. § 2255 filed in June 2016 remains pending. Williams seeks a seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3), contending that the Federal Bureau of Prisons ("BOP") has improperly computed his sentence by failing to give him credit for time in pretrial custody from August 21, 2013 through March 18, 2014.

**II.**

**A.**

According to 18 U.S.C. § 3585(a), "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to . . . the official detention facility at which the sentence is to be served." Credit for prior custody is specifically addressed by 18 U.S.C. § 3585(b), which provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

The Seventh Circuit has made clear that § 3585(b) forbids the BOP from giving prior custody credit when that credit has been applied to another sentence. *See Gigsby v. Bledsoe*, 223 Fed.Appx. 486, 489 (7th Cir. 2007); *United States v. Ross*, 219 F.3d 592, 594 (7th Cir. 2000). In *Gigsby*, the Seventh Circuit determined that where the state credited the petitioner for time spent in custody before the commencement of his federal sentence, he was not entitled to the same benefit from the

BOP merely because his subsequent federal sentence was ordered to run concurrently. *Gigsby*, 223 Fed.Appx at 489.

## B.

Smith's habeas petition does not allege that the BOP has failed to correctly compute his sentence in accord with the foregoing authorities. If that is his contention, he shall have t**hrough October 4, 2016** in which to **supplement** the habeas petition by alleging facts in support of that contention.

## III.

### A.

"Well-settled federal law presumes that when multiple terms of imprisonment are imposed at different times, they will run consecutively *unless* the district court specifically orders that they run concurrently." *Free v. Miles,* 333 F.3d 550, 553 (5th Cir. 2003) (emphasis in original) (citing 18 U.S.C. § 3584(a)), *reh'g denied* (Jul. 31, 2003). Pursuant to 28 U.S.C. § 3621(b), however, "the BOP may indirectly award credit for time served in state prison by designating *nunc pro tunc* the state prison as the place in which the prisoner serves a portion of his federal sentence." *Pierce v. Holder,* 614 F.3d 158, 160 (5th Cir. 2010) (per curiam) (citing *Barden v. Keohane,* 921 F.2d 476, 480 (3d Cir. 1990)). When such a designation is made, the BOP essentially allows the state and federal sentences to run concurrently. *Setser v. United States,* 132 S. Ct. 1463, 1467–68 (2012).

The statute just referenced states that the BOP "shall designate the place of the prisoner's imprisonment," and "may designate" any correctional facility meeting minimal standards, even if it is not maintained by the federal government, that "the Bureau determines to be appropriate and suitable," considering 1) the resources of the facility contemplated, 2) the nature and circumstances of the offense, 3) the history and characteristics of the prisoner, 4) any statement by the court that

imposed the sentence a) concerning the purposes for which the sentence to imprisonment was determined to be warranted, or b) recommending a type of penal or correctional facility as appropriate, and 5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of Title 28. 18 U.S.C. § 3621(b). The BOP has "wide discretion" over that designation. *See Barden v. Keohane*, 921 F.2d 476, 483 (3d Cir. 1990). A habeas court reviews for abuse of discretion the BOP's placement decision. *See Fegans v. United States,* 506 F.3d 1101, 1105 (8th Cir. 2007); *Taylor v. Sawyer,* 284 F.3d 1143, 1149 (9th Cir. 2002); *McCarthy v. Doe,* 146 F.3d 118, 123 n.4 (2d Cir. 1998).

**B.**

Smith's habeas petition does not reveal whether he sought a *nunc pro tunc* designation or, if he did, what circumstances could support an inference that the BOP abused its discretion in making what decision was issued. If he contends that the BOP abused its discretion under 18 U.S.C. § 3621(b), he shall have **through October 4, 2016** in which to **supplement** the habeas petition by alleging facts in support of that contention.

IT IS SO ORDERED.

Date: 9/8/16

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Keion Lamone Smith
Reg. No. 47939-039
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808