UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| KEION LAMONE SMITH, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | No. 2:16-347-WTL-MJD |
| | ) | |
| S. JULIAN, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Dismissing Action and Directing Entry of Final Judgment**

**I.**

Petitioner Keion Lamone Smith is confined within this District serving the executed portion of a 120-month sentence following his conviction in the United States District Court for the Eastern District of Michigan. PACER records show that no appeal was taken from his conviction and that the motion for relief pursuant to 28 U.S.C. § 2255, filed in June 2016 and docketed as No. 2:16-cv-12348-RHC, remains pending. Smith seeks a seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3), contending that the Federal Bureau of Prisons ("BOP") has improperly computed his sentence by failing to give him credit for time in pretrial custody from August 21, 2013 through March 18, 2014.

**II.**

**A.**

According to 18 U.S.C. § 3585(a), "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to . . . the official detention

facility at which the sentence is to be served." Credit for prior custody is specifically addressed by

18 U.S.C. § 3585(b), which provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

The Seventh Circuit has made clear that § 3585(b) forbids the BOP from giving prior custody

credit when that credit has been applied to another sentence. *See Gigsby v. Bledsoe*, 223 Fed.Appx.

486, 489 (7th Cir. 2007); *United States v. Ross*, 219 F.3d 592, 594 (7th Cir. 2000). In *Gigsby*, the

Seventh Circuit determined that where the state credited the petitioner for time spent in custody

before the commencement of his federal sentence, he was not entitled to the same benefit from the

BOP merely because his subsequent federal sentence was ordered to run concurrently. *Gigsby*, 223

Fed.Appx at 489.

## B.

The facts and circumstances pertinent to Smith's habeas claim are the following: On

December 14, 2012, Smith was arrested by Detroit Police for weapons offenses. Three days later,

Smith was arrested for parole violation based on the December 14th arrest just described. The state

weapons charges were dismissed on December 27, 2012. On the following date, Smith was

charged in federal court in the Eastern District of Michigan with being a Felon in Possession of a

Firearm, in violation of 18 U.S.C. §§ 922(j) and 924(a) (hereafter "the federal charge"). On June

11, 2013, Michigan filed a parole detainer with federal authorities. Smith was sentenced on the

federal charge on August 21, 2013 (hereafter "the federal sentence").

Smith was taken into custody by state authorities on November 8, 2013 and his parole was revoked by Michigan authorities on December 11, 2013. He was given credit for all his time spent on parole and for time in custody since December 14, 2012.

### C.

Smith was released on parole to federal authorities on February 12, 2014 for service of the federal sentence. All the time he spent in custody prior to February 12, 2014 was credited toward service of the Michigan state sentence for which his parole had been revoked. Federal authorities considered whether, but declined, to direct that the Michigan state facilities be designated as a location for service of the federal sentence.

It was noted above that 18 U.S.C. § 3585(b) forbids the BOP from giving prior custody credit when that credit has been applied to another sentence. Smith's position would result in his receiving double credit. This is impermissible.

"Well-settled federal law presumes that when multiple terms of imprisonment are imposed at different times, they will run consecutively *unless* the district court specifically orders that they run concurrently." *Free v. Miles,* 333 F.3d 550, 553 (5th Cir. 2003) (emphasis in original) (citing 18 U.S.C. § 3584(a)), *reh'g denied* (Jul. 31, 2003). Pursuant to 28 U.S.C. § 3621(b), however, "the BOP may indirectly award credit for time served in state prison by designating *nunc pro tunc* the state prison as the place in which the prisoner serves a portion of his federal sentence." *Pierce v. Holder,* 614 F.3d 158, 160 (5th Cir. 2010) (per curiam) (citing *Barden v. Keohane,* 921 F.2d 476, 480 (3d Cir. 1990)). When such a designation is made, the BOP essentially allows the state and federal sentences to run concurrently. *Setser v. United States,* 132 S. Ct. 1463, 1467–68 (2012).

The statute just referenced states that the BOP "shall designate the place of the prisoner's imprisonment," and "may designate" any correctional facility meeting minimal standards, even if

it is not maintained by the federal government, that "the Bureau determines to be appropriate and suitable," considering 1) the resources of the facility contemplated, 2) the nature and circumstances of the offense, 3) the history and characteristics of the prisoner, 4) any statement by the court that imposed the sentence a) concerning the purposes for which the sentence to imprisonment was determined to be warranted, or b) recommending a type of penal or correctional facility as appropriate, and 5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of Title 28. 18 U.S.C. § 3621(b). The BOP has "wide discretion" over that designation. *See Barden v. Keohane*, 921 F.2d 476, 483 (3d Cir. 1990). A habeas court reviews for abuse of discretion the BOP's placement decision. *See Fegans v. United States,* 506 F.3d 1101, 1105 (8th Cir. 2007); *Taylor v. Sawyer,* 284 F.3d 1143, 1149 (9th Cir. 2002); *McCarthy v. Doe,* 146 F.3d 118, 123 n.4 (2d Cir. 1998). No abuse of description was made in Smith's case or in relation to the federal sentence.

Smith's sentence has been correctly computed. His petition for writ of habeas corpus is therefore **denied.**

### III.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 3/14/17

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

KEION LAMONE SMITH
47939-039
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE
shelese.woods@usdoj.gov